[No. B176988. Second Dist., Div. Seven. Mar. 21, 2005.]

HADI FALAHATI et al., Plaintiffs and Respondents, v.
SHINJI KONDO, Defendant and Appellant.

**COUNSEL**

Suzuki & Ito, Paul T. Suzuki and Ronald N. Ito for Defendant and Appellant.

Hadi Falahati and Sharon Gilmour Falahati, in pro. per., for Plaintiffs and Respondents.

**OPINION**

**JOHNSON, J.**—Shinji Kondo appeals from an order denying his motion to vacate and set aside his default and the default judgment against him. We conclude the trial court erred in entering a default and default judgment against Kondo and erred again in denying his motion to vacate them.

### FACTS AND PROCEEDINGS BELOW

Plaintiffs' original verified complaint in this action named a number of defendants including Kondo and sought damages for intentional interference with economic relationship and prospective economic advantage, defamation,

fraud, negligent misrepresentation, unfair business practices, and intentional infliction of emotional distress. The complaint alleged numerous acts of wrongdoing by Kondo which caused harm to plaintiffs. In response to a demurrer to the complaint plaintiffs filed a first amended complaint again naming Kondo as a defendant and alleging facts to show how he had caused them damage.

The trial court sustained a demurrer to the first amended complaint with leave to amend. Plaintiffs' second amended complaint, also verified, entirely removed Kondo as a defendant. He was not named in the caption and all the previous factual allegations involving him were removed. Again the trial court sustained a demurrer to the complaint and granted plaintiffs further leave to amend.

The verified third amended complaint, which is now the operative pleading in this action, is for intentional interference with prospective economic advantage and unfair business practices. The caption of the complaint named three individuals and two corporations as defendants. Kondo was not named as a defendant and there are no allegations he did anything which caused harm to plaintiffs.

Kondo did not file a responsive pleading to the third amended complaint.[1]

Eight months after plaintiffs filed their third amended complaint they filed a "Notice of Errata" to add Kondo to the caption only. The notice stated: "The word 'Shinji Kondo' has been left out in the first (Caption) page of [plaintiffs'] Third Amended Complaint, this is a typographical error only, and the word 'Shinji Kondo' should have never been left out, and the pleading should be regarded as if the words had never been left out." Plaintiffs did not amend the complaint to allege Kondo engaged in any conduct causing them damage.

The same day plaintiffs filed their "errata," adding Kondo's name to the caption of the third amended complaint, they filed a request to enter his default and the court clerk entered the default as requested.

Four months later the trial court held a default prove-up hearing and awarded plaintiffs judgment against Kondo in the sum of $70,000. The record is silent as to whether Kondo was served with notice of entry of the default judgment.

Ten months after entry of the default judgment Kondo filed a motion to vacate the default and set aside the subsequent judgment on the ground he

---

[1] There is a dispute as to whether Kondo was ever served with, or had notice of, the third amended complaint. Because we decide this case on other grounds we do not reach that issue.

had not been served with the initial summons and complaint in the action. He also argued adding him to the caption of the third amended complaint and entering his default on the complaint the same day denied him due process.

The trial court denied Kondo's motion. From the declarations supporting and opposing the motion the trial court made a factual finding Kondo was served with the summons and original complaint and had actual notice of the subsequent proceedings. The court further ruled plaintiffs' failure to name Kondo in the third amended complaint until the "errata" added him to the caption "was of no consequence since Kondo's counsel was served with the 'Notice of Errata' and notice of entry of default. There is no explanation for Kondo's failure to move to set aside the entry of default."

Kondo filed a timely appeal from the order denying his motion.

## DISCUSSION

■ On appeal from an order denying a motion for relief from default or a default judgment we will not disturb the trial court's factual findings where, as here, they are based on substantial evidence. It is the province of the trial court to determine the credibility of the declarants and to weigh the evidence.[2] Thus we accept the trial court's findings Kondo was served with the original summons and complaint, that he had actual notice of these proceedings and that his counsel was served with the "Notice of Errata" and the notice of entry of default.

■ This does not end the matter, however, because whether the default and default judgment complied with constitutional and statutory requirements are questions of law as to which we exercise independent review.[3]

As we explain below the default judgment against Kondo must be set aside. The complaint on which it is based failed to apprise Kondo of the nature of the plaintiffs' demand against him and neither the third amended complaint nor any subsequent notice informed Kondo of the amount of damages plaintiffs were seeking from him. In addition, the default must be vacated because Kondo was denied an opportunity to respond to the amendment purporting to add him as a defendant in the action in violation of his rights under Code of Civil Procedure section 471.5 and the due process clauses of the United States and California Constitutions.

---

[2] *Coordinated Construction, Inc. v. Canoga Big "A," Inc.* (1965) 238 Cal.App.2d 313, 319 [47 Cal.Rptr. 749].

[3] *Transamerica Title Co. v. Hendrix* (1995) 34 Cal.App.4th 740, 741–742 [40 Cal.Rptr.2d 614].

## I. THE DEFAULT JUDGMENT IS VOID BECAUSE IT IS BASED ON A COMPLAINT WHICH FAILED TO APPRISE KONDO OF THE NATURE OF THE PLAINTIFFS' DEMAND OR THE AMOUNT OF DAMAGES SOUGHT AGAINST HIM.

The third amended complaint plainly fails to state a cause of action against Kondo because it does not allege any conduct on his part caused any harm, loss or damage on the plaintiffs' part.[4]

■ Although the complaint contains a boilerplate allegation each defendant was the agent and employee of the others and contains some charging allegations respecting "defendants and each of them" these allegations do not result in the complaint stating a cause of action against Kondo because he is nowhere mentioned in the body of the complaint. Adding Kondo's name to the caption of the complaint added nothing to plaintiffs' causes of action because "the caption of the complaint constitutes no part of the statement of the cause of action[.]"[5]

■ It is well established a default judgment cannot properly be based on a complaint which fails to state a cause of action against the party defaulted because, as Witkin explains, "[a] defendant who fails to answer admits only facts that are well pleaded."[6] Because the third amended complaint alleged no facts with respect to Kondo, there were no facts for Kondo to admit.

■ A defendant suffering an erroneous default judgment has three potential avenues of relief: a direct appeal from the judgment, a motion to set aside

---

[4] Code of Civil Procedure section 425.10, subdivision (a) states: "A complaint . . . shall contain both of the following: [¶] (1) A statement of the facts constituting the cause of action, in ordinary and concise language. [¶] (2) A demand for judgment for the relief to which the pleader claims to be entitled. If the recovery of money or damages is demanded, the amount demanded shall be stated [except in circumstances not applicable here]." See *Blondeau v. Snyder* (1892) 95 Cal. 521, 523 [31 P. 591]; *Jackson v. Bank of America* (1986) 188 Cal.App.3d 375, 388 [233 Cal.Rptr. 162]; *Whiteman v. Anderson-Cottonwood Irr. Dist.* (1922) 60 Cal.App. 234, 243 [212 P. 706].

[5] *McDonough v. Waxman* (1930) 103 Cal.App. 169, 173 [284 P. 482]; see also *Bell v. Tri-City Hospital Dist.* (1987) 196 Cal.App.3d 438, 448 [241 Cal.Rptr. 796]. The purpose of allowing the plaintiff to amend the complaint by adding a party (see Code Civ. Proc., § 473, subd. (a)(1)) is to reflect an assignment of the cause of action, to substitute an executor or administrator for a deceased defendant (see *Burgos v. Tamulonis* (1994) 28 Cal.App.4th 757, 763 [33 Cal.Rptr.2d 728]) or to substitute the trustee of the estate for a defendant in bankruptcy (see *Yoo v. Robi* (2005) 126 Cal.App.4th 1089, 1094, fn. 1 [24 Cal.Rptr.3d 740]).

[6] 6 Witkin, California Procedure (4th ed. 1997) Proceedings Without Trial, section 160, page 574. "A default admits the material allegations of the complaint, and no more[.]" (*Ellis v. Rademacher* (1899) 125 Cal. 556, 557 [58 P. 178].

the judgment and a collateral attack on the judgment.[7] There are potential roadblocks in each of these avenues. A direct appeal from the judgment must be filed within a specified time, generally not more than 180 days after entry of the judgment.[8] Similarly a motion for relief from a default judgment under Code of Civil Procedure section 473, subdivision (b), or 473.5, subdivision (a), usually must be filed within six months from entry of the judgment or notice of entry of the default or default judgment, whichever occurs first. A void judgment can be attacked at any time by a motion under Code of Civil Procedure section 473, subdivision (d), or by a collateral action.[9] However, a default judgment is not necessarily void just because it is based on a complaint which fails to state a cause of action.[10]

■ A default judgment is void if the trial court lacked jurisdiction over the parties or the subject matter of the complaint or if the complaint failed to "apprise[] the defendant of the nature of the plaintiff's demand,"[11] or if the court granted relief which it had no power to grant including a default judgment which exceeds the amount demanded in the complaint.[12]

■ The default judgment in the present case is void for two reasons. The complaint contained no factual allegations with respect to Kondo; therefore it failed to apprise him of the nature of plaintiffs' demand against him.[13] In addition, the complaint does not specify the amount of damages plaintiffs seek from Kondo; it is not possible to calculate an amount of damages from the complaint's allegations; the request for entry of default did not specify the amount of damages sought;[14] and plaintiffs did not serve Kondo with any other form of notice of the amount of damages sought from him.[15] Our Supreme Court has held "a default judgment greater than the amount specifically demanded is void as beyond the court's jurisdiction."[16] Where no

---

[7] Spielman & Grant, *Attacking A Default Judgment In California On The Grounds That The Complaint Failed To State A Cause Of Action* (1954) 1 U.C.L.A. L.Rev. 195.

[8] California Rules of Court, rule 2(a).

[9] Code of Civil Procedure section 473, subdivision (d) states: "The court . . . may, on motion of either party after notice to the other party, set aside any void judgment or order." A void judgment is subject to collateral attack at any time. (*Rochin v. Pat Johnson Mfg. Co.* (1998) 67 Cal.App.4th 1228, 1239 [79 Cal.Rptr.2d 719].)

[10] *Christerson v. French* (1919) 180 Cal. 523, 525–526 [182 P. 27].

[11] *Christerson v. French, supra,* 180 Cal. at page 525.

[12] *Molen v. Friedman* (1998) 64 Cal.App.4th 1149, 1156 [75 Cal.Rptr.2d 651].

[13] *Christerson v. French, supra,* 180 Cal. at page 525.

[14] *National Diversified Services, Inc. v. Bernstein* (1985) 168 Cal.App.3d 410, 417–418 [214 Cal.Rptr. 113].

[15] Compare Code of Civil Procedure section 425.11, requiring plaintiff to serve notice of amount of damages sought in personal injury case prior to obtaining a default judgment.

[16] *Greenup v. Rodman* (1986) 42 Cal.3d 822, 826 [231 Cal.Rptr. 220, 726 P.2d 1295].

amount of damages is demanded any amount awarded is by definition greater than the amount demanded.[17]

Accordingly, we hold the trial court erred in denying Kondo's motion to set aside the default judgment.[18]

■ Plaintiffs contend the trial court properly denied Kondo's motion to set aside the default judgment on the ground of laches. We disagree. A motion to vacate a judgment void on its face is not subject to a claim of laches.[19] Furthermore we do not believe a ten month interval between the judgment and the motion to set it aside supports a claim of laches especially since the record does not show whether or when the judgment or notice of entry of the judgment was served on Kondo.

Our conclusion that even with the errata the third amended complaint cannot support a default judgment against Kondo necessarily means if plaintiffs wish to recover damages from Kondo they will have to further amend their complaint to plead a cause of action against him including a demand for a specific amount of damages. Such an amendment, if permitted, would have the effect of vacating Kondo's default and entitle him to demur, move to strike or answer the amended complaint.[20]

## II. THE DEFAULT MUST BE VACATED BECAUSE KONDO WAS DENIED HIS STATUTORY AND CONSTITUTIONAL RIGHTS TO RESPOND TO THE AMENDMENT BY "ERRATA."

As a separate and independently sufficient ground for setting aside the judgment we hold the default itself was obtained through extrinsic fraud because it was entered the same day plaintiffs amended the complaint to add Kondo as a defendant in the action. Kondo was thereby denied the opportunity to respond to the complaint in violation of Code of Civil Procedure section 471.5 and his right to due process.

Code of Civil Procedure section 471.5, subdivision (a) provides: "If the complaint is amended . . . [t]he defendant shall answer the amendments, or

---

[17] *Petty v. Manpower, Inc.* (1979) 94 Cal.App.3d 794, 798 [156 Cal.Rptr. 622].

[18] Kondo did not raise the above arguments in his motion to set aside the judgment. However, questions of jurisdiction are never waived and may be raised for the first time on appeal as may the failure of the complaint to state a cause of action. (Code Civ. Proc., § 430.80, subd. (a); *Horacek v. Smith* (1948) 33 Cal.2d 186, 191 [199 P.2d 929]; *National Diversified Services, Inc. v. Bernstein, supra*, 168 Cal.App.3d at p. 417.) In order to assure compliance with Government Code section 68081 we offered both sides the opportunity to submit letter briefs on this issue.

[19] *Batte v. Bandy* (1958) 165 Cal.App.2d 527, 538 [332 P.2d 439].

[20] *Ostling v. Loring* (1994) 27 Cal.App.4th 1731, 1744 [33 Cal.Rptr.2d 391].

the complaint as amended, within 30 days after service thereof, or such other time as the court may direct[.]" The statute does not differentiate between "substantive" and "technical" amendments. Therefore Kondo was entitled to 30 days in which to respond to plaintiffs' "errata." Instead, at plaintiffs' request the court clerk entered a default on the same day the amendment was filed.

■ Kondo's right to respond to the complaint is not only statutory. "[E]ven the most rudimentary of due process procedures [requires] notice and opportunity to be heard . . . to anyone directly affected by [an] official's action."[21] Thus under the fundamental requirements of due process before a court enters a defendant's default in a lawsuit which may result in a judgment depriving the defendant of liberty or property "[a] defendant is entitled to opportunity to be heard upon the allegations of the complaint on which judgment is sought against him."[22] No such opportunity was afforded Kondo because he was defaulted the same day he was added to the plaintiffs' suit.

Plaintiffs argue Kondo has no ground for complaint because adding his name to the caption merely corrected a typographical error in the verified third amended complaint which already contained allegations against "defendants and each of them." This argument lacks merit. According to plaintiffs' reasoning they could have filed an "errata" to the caption naming as defendants Bill Gates, Warren Buffet and Martha Stewart and immediately defaulted them as well. Furthermore, plaintiffs' contention adding Kondo's name to the complaint merely corrected a typographical error does not, under the circumstances, justify denying him the opportunity to respond to the complaint. The two most recent versions of plaintiffs' verified complaint had not merely left Kondo's name out of the caption but had eliminated any reference to Kondo in the allegations composing the causes of action. Thus, even if we agreed simply restoring Kondo to the caption brought him within the verified complaint's charging allegations,[23] Kondo could not have filed a verified answer *before* he was added to the complaint by the "errata" because there would have been nothing for him to admit or deny.

■ Plaintiffs further argue failing to afford Kondo an opportunity to respond to the complaint after the "errata" was filed "was of no consequence" because if he believed the default was entered in error he should have moved to set it aside in the four months prior to the default prove-up. The short answer to this contention is that Kondo would not have had to move to set aside the default if plaintiffs had afforded him his statutory and due process

---

[21] *Lockyer v. City & County of San Francisco* (2004) 33 Cal.4th 1055, 1108 [17 Cal.Rptr.3d 225, 95 P.3d 459].

[22] *Thompson v. Cook* (1942) 20 Cal.2d 564, 568 [127 P.2d 909].

[23] We rejected this proposition for reasons explained at page 829, *ante*.

rights in the first instance. A deprivation of due process is no less a deprivation merely because the person deprived has a remedy. Kondo had a statutory and due process right to respond to the complaint *before* a default was entered. Kondo was denied this right and no post hoc remedy can change that fact.

A court has inherent, equitable power to set aside a default on the ground of extrinsic fraud.[24] Courts have given the term extrinsic fraud "a broad meaning" applying it to "almost any set of extrinsic circumstances which deprive a party of a fair adversary hearing."[25] Here, Kondo was deprived of a fair adversary hearing for the reasons stated above.

When the defendant's default has resulted in a judgment for the plaintiff there are three essential requirements to obtain relief from the default. The defendant must show a meritorious defense, a satisfactory excuse for failing to timely answer the complaint and reasonable diligence in seeking to set aside the default once it was discovered.[26]

As to the first two requirements—a meritorious defense and a satisfactory excuse for not timely answering the complaint—we have previously explained Kondo could not have answered the verified third amended complaint because it contained no allegations with respect to any conduct on his part; there was nothing for him to admit or deny. For the same reason, Kondo has a meritorious affirmative defense: the complaint fails to state a cause of action against him.

As to due diligence, there is no explanation in the record why Kondo did not move to vacate the default in the four-month period between its entry and the default prove-up. The answer may lie in his claim the attorney who received the "Notice of Errata" and notice of entry of default, and who was also a defendant in the action, was not actually representing Kondo or had abandoned his representation. These are factual questions which were raised but not decided in the court below. Suffice it to say to the extent the trial court denied the motion to vacate the default for lack of due diligence either before or after the entry of the default judgment the court abused its discretion for reasons we will explain.

The questions of defendant's diligence and plaintiff's prejudice are "inextricably intertwined."[27] The greater the prejudice to the plaintiff from vacating the default the greater the burden on the defendant of proving

---

[24] *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 981 [35 Cal.Rptr.2d 669, 884 P.2d 126].

[25] *In re Marriage of Park* (1980) 27 Cal.3d 337, 342 [165 Cal.Rptr. 792, 612 P.2d 882].

[26] *Rappleyea v. Campbell, supra*, 8 Cal.4th at page 982.

[27] *Rappleyea v. Campbell, supra*, 8 Cal.4th at pages 983–984.

diligence and vice versa.[28] As a general rule once a default has resulted in a judgment there is a high degree of prejudice to the plaintiff in vacating the default because it entails setting aside the judgment and disturbing the plaintiff's justifiable reliance on the award.[29] Every case, however, must be judged on its peculiar circumstances.

In this case plaintiffs cannot claim they are justified in relying on their default judgment because they obtained it through a procedural maneuver which violated Kondo's statutory and due process rights to notice and an opportunity to be heard. At the time plaintiffs filed their "Notice of Errata" they were proceeding in propria persona. Whether or not plaintiffs were aware of the requirements of Code of Civil Procedure section 471.5 and due process they are held to the same standard as an attorney[30] and no reasonably competent attorney could have believed the third amended complaint could be made to state a cause of action against Kondo merely by adding his name to the caption. Nor can plaintiffs contend they were acting in good faith in filing their "errata" and defaulting Kondo on the same day. We find spurious their claim the third amended complaint alleged causes of action against Kondo all along and the "errata" merely cured a "typographical error." It is more likely plaintiffs added Kondo's name to the caption of the complaint because they knew the court clerk would look no further than the caption in the course of determining if the requirements for entering a default were met.

Because plaintiffs knew or should have known they procured their default against Kondo in violation of his statutory and constitutional rights, their claim to prejudice if the default and subsequent judgment are nullified is substantially weakened. Conversely, the fact the default was procured against Kondo, not because of some mistake or neglect on his part, but because he was denied his statutory and constitutional right to be heard substantially strengthens his entitlement to equitable relief. Under these facts the four-month period between the default and the default prove-up and the ten-month period between the default judgment and the motion to set it are not so unreasonable as to constitute laches.

---

[28] *Rappleyea v. Campbell, supra,* 8 Cal.4th at page 984.

[29] *Rappleyea v. Campbell, supra,* 8 Cal.4th at page 984.

[30] *People v. Clark* (1990) 50 Cal.3d 583, 625 [268 Cal.Rptr. 399, 789 P.2d 127].

## DISPOSITION

The order denying Shinji Kondo's motion to vacate his default and set aside the judgment against him is reversed and the cause is remanded to the trial court with directions to enter a new and different order vacating the default and setting aside the judgment and to conduct any further proceedings in accordance with the views expressed in this opinion. Appellant is awarded his costs on appeal.

Perluss, P. J., and Zelon, J., concurred.