Filed 6/25/14  Falkenstein v. Shipco Transport SDN BHD CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| JOHN FALKENSTEIN,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>SHIPCO TRANSPORT SDN BHD,<br><br>     Defendant and Appellant. | B251183<br><br>(Los Angeles County<br>Super. Ct. No. NC042676) |

        APPEAL from an order of the Superior Court of Los Angeles County.  Ross M. Klein, Judge.  Affirmed.

        Bullivant Houser Bailey and Norman J. Ronneberg, Jr., for Defendant and Appellant.

        Cook Collection Attorneys and David J. Cook for Plaintiff and Respondent.

_____

Defendant and appellant Shipco Transport SDN BHD (Shipco) appeals from a trial court order denying its motion to vacate a default judgment in favor of plaintiff and respondent John Falkenstein (Falkenstein).

We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On July 31, 2008, Falkenstein filed a complaint against Shipco and others. According to the complaint, Shipco and/or the other defendants "owned, operated, leased, rented, used, borrowed, maintained, inspected, supervised, loaded, imported, packaged, and controlled" a specific cargo container, which fell and caused injury to Falkenstein. Shipco never answered the complaint, and a default was entered against it. On December 17, 2009, a default judgment was entered in favor of Falkenstein and against Shipco.

On May 15, 2013, Shipco filed a motion for relief from default judgment. No copy of the motion was provided to the Court of Appeal. Falkenstein opposed the motion.

After taking the matter under submission, on July 25, 2013, the trial court denied Shipco's motion. It rejected Shipco's apparent challenge to service. It further found the instant case distinguishable from *Falahati v. Kondo* (2005) 127 Cal.App.4th 823 (*Falahati*). And, the trial court declined to exercise equitable relief.

Shipco's timely appeal ensued.

## DISCUSSION

Relying heavily upon *Falahati*, *supra*, 127 Cal.App.4th 823, Shipco argues that the default judgment was void because it was based upon a complaint that was not well-pleaded and failed to properly apprise Shipco of the nature of Falkenstein's claims. We review this issue de novo. (*Falahati*, *supra*, at p. 828.)

We agree with the trial court that *Falahati* is distinguishable. In that case, the Court of Appeal reversed a trial court order denying a defendant's motion to vacate a default judgment because "[t]he complaint on which [the default judgment was] based

2

failed to apprise [the defendant] of the nature of the plaintiffs' demand against him and neither the [operative pleading] nor any subsequent notice informed the defendant of the amount of damages plaintiffs were seeking from him." (*Falahati*, *supra*, 127 Cal.App.4th at p. 828.)  In contrast, here, the complaint sufficiently apprised Shipco of the nature of the claim asserted against it.  The complaint alleged, albeit in a boilerplate fashion, that Shipco, in some capacity, engaged in wrongful conduct with respect to a cargo container that fell on Falkenstein, resulting in injury.  It identified the specific cargo container; it identified the date of the injury; and it set forth, in a broad stroke, allegations supporting Falkenstein's claim for personal injuries, thereby apprising Shipco of the nature of Falkenstein's demand.  (*Molen v. Friedman* (1998) 64 Cal.App.4th 1149, 1157.)  Moreover, on November 19, 2008, Shipco was served with a statement of damages that notified Shipco of the type and amount of damages Falkenstein was seeking.

Shipco also argues that the trial court abused its discretion in denying it equitable relief on the grounds of extrinsic mistake.  We cannot agree.  To set aside a judgment based upon extrinsic mistake, the moving party must satisfy three elements:  (1) the defaulted party must demonstrate that it has a meritorious case; (2) the defaulted party must articulate a satisfactory excuse for not presenting a defense to the original action; and (3) the moving party must demonstrate diligence in seeking to set aside the default once discovered.  (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 982.)  The trial court found that Shipco did not act expeditiously, and Shipco never explained why it did not seek relief promptly.  While Shipco essentially asks us to reassess its excuse, we will not do so.

Under these circumstances, we conclude that the trial court properly denied Shipco's motion for relief from default judgment.

**DISPOSITION**

The order is affirmed.  Falkenstein is entitled to costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
            ASHMANN-GERST


We concur:


_____, P. J.
            BOREN


_____, J.*
            FERNS

---

*       Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.