Filed 7/15/15  Carr v. Rees CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| JOHN A. CARR, | |
| Plaintiff and Appellant, | E060760 |
| v. | (Super.Ct.No. CIVRS1202404) |
| THOMAS REES et al., | OPINION |
| Defendants and Respondents. | |

APPEAL from the Superior Court of San Bernardino County.  Gilbert G. Ochoa, Judge.  Affirmed.

Simoneaux Law Firm and Maggie R. Simoneaux-Cuaso for Plaintiff and Appellant.

Ritchie, Klinkert & McCallion, Thomas B. Ritchie, James E. Klinkert and Paul J. Gutierrez for Defendants and Respondents.

1

Plaintiff and appellant John A. Carr appeals from an order denying his motion, pursuant to Code of Civil Procedure section 473, subdivision (b), to withdraw a dismissal with prejudice he had filed in the underlying litigation.

In his motion, Carr stated that he had intended to dismiss the action without prejudice but inadvertently checked the "with prejudice" box on the request for dismissal form. The trial court denied the motion, finding that Carr had unreasonably delayed filing the motion without offering any justification for the delay, and that the dismissal with prejudice was not inadvertent but was rather "the calculated choice" to avoid disclosure of Carr's fraud upon the court in the underlying action, "i.e., seeking to default defendants known to be deceased." Further, the court found that the motion was jurisdictionally defective for lack of service on all parties.

On appeal, Carr asserts that the denial of his motion was an abuse of discretion. He disputes the trial court's factual findings, arguing that he did not perpetrate a fraud on the court and did not intentionally dismiss the action with prejudice in order to conceal any fraud. He also disputes the trial court's finding that his delay in filing the motion was unjustified and that it was jurisdictionally defective. As we discuss below, we find that the evidence supports the trial court's conclusion that Carr acted intentionally in dismissing the action with prejudice and that it was therefore not an abuse of discretion to deny Carr's motion.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 27, 2012, acting in propria persona, Carr filed a complaint for quiet title to a property located at 10170 Columbine Avenue, Montclair, California. He alleged that he had obtained title through adverse possession, by paying all property taxes on the property for more than five years and by maintaining "actual, open, notorious, exclusive, hostile, adverse and continuous possession" for more than five years. He sought to quiet title against any interest in the property claimed by Thomas Rees, Harold L. Rees, Catherine F. Rees, or any unknown person or entity. On May 31, 2012, he filed a proof of service, showing that Douglas Sloan had served Thomas Rees on April 17, 2012, at 361 West 12th Street, Claremont, California. Sloan stated on the proof of service that his address was also 361 West 12th Street, Claremont, California.

On July 10, 2012, Carr obtained entry of default against Thomas Rees. Carr was then represented by attorney Mitchel J. Ezer. On September 10, 2012, Carr (still represented by Ezer) obtained orders for service of summons on Harold L. Rees and Catherine F. Rees by publication. In his applications for the orders, Carr provided a declaration by Douglas Sloan. Sloan stated that the defendants' last known address was 361 West 12th Street, Claremont, California. He stated that on April 15, 2012, he effected service at that address on Thomas Rees and attempted to effect service on Harold and Catherine Rees at that address as well. He stated that he was told that they no longer lived there. He stated that when he asked "him" (presumably Thomas Rees) if he was authorized to accept service for them, "he" said he was not authorized to do so and stated

3

that they were "long gone" from that address and that Sloan would not be able to find them.

On March 14, 2013, Carr filed a request for dismissal of the action without prejudice, and dismissal was entered on that date. On March 18, 2013, however, Carr's request for entry of default as to Harold L. Rees and Catherine F. Rees was entered. On that same date, he substituted his attorney out and resumed acting in propria persona. On May 15, 2013, a default prove-up hearing was set as to all three defendants. On May 31, 2013, Carr filed a request for dismissal with prejudice of the entire action. The dismissal was entered on that date.

On August 29, 2013, Carr filed an ex parte application for an order withdrawing the dismissal with prejudice, stating that he had intended to dismiss the case without prejudice and had marked the "with prejudice" box in error. He submitted a request for dismissal without prejudice. The application was denied for failure to comply with the pertinent rules of court concerning ex parte applications. On November 18, 2013, Carr filed a second ex parte application to set aside the dismissal. He was then represented by attorney M. Stephen Cho.

Opposition to the motion was filed by Jed Byerly, the administrator for the estate of Catherine F. Rees. Declarations filed in support of the opposition state the following: Defendants Catherine (or Kay) F. Rees died in 2001; her husband, Harold L. Rees, predeceased her. Byerly was appointed administrator of the estate on August 3, 2012. Byerly is the chief operating officer of Global Discoveries, Ltd., a company that evidently seeks out people who might be entitled to the proceeds of unprobated estates.

4

On October 18, 2011, Global Discoveries contacted Thomas Rees about excess proceeds generated from the Los Angeles County tax sale of the property at 316 West 12th Street in Claremont. Rees retained the firm to assist in probating his parents' estates.

After he was appointed administrator of Catherine Rees's estate, Byerly submitted a claim for excess tax sale proceeds on the Claremont property, i.e., the property which was the subject of Carr's quiet title action. Several months later, the Los Angeles County Treasurer/Tax Collector's office informed Byerly that additional claims had been submitted, including two from attorneys claiming the funds and stating that they represented the Rees estate in probate. One of the claims was submitted by Mitchel Ezer, on behalf of Douglas Sloan. Ezer submitted Sloan's petition for letters of administration of Catherine Rees's estate, which was filed on July 3, 2012. Sloan's petition was denied on August 30, 2012. Ezer submitted the claim to the Los Angeles County Treasurer/Tax Collector on November 5, 2012, more than two months after the petition for letters of administration was denied, representing that Sloan was the estate administrator "tba."

Byerly contacted Thomas Rees. Rees informed him that Sloan had lived in a van parked in Rees's backyard at the Claremont house for a period of time up until the end of May 2012. Rees stated that he never authorized Sloan to act on behalf of his parents' estates or in any other matter. He also stated that Sloan had never served him with any papers.

Rees gave Byerly Sloan's telephone number. Byerly spoke to Sloan, who acknowledged working with Carr and Ezer to attempt to collect excess tax proceeds. When Byerly demanded that Sloan withdraw the claim for excess tax proceeds, Sloan replied that he would not do so until Thomas Rees paid Carr.

In response to Byerly's demand, Ezer agreed to withdraw the claim. Ezer was unable to get Sloan to agree. Ezer confirmed to Byerly that Carr was his "true client," and agreed to speak to Carr about withdrawing the claim. Notarized withdrawal forms were subsequently submitted by Ezer and Sloan.

In April 2013, Byerly learned that Thomas Rees owned a property in San Bernardino County which was the subject of Carr's quiet title action, in which Carr was represented by Ezer. On April 18, 2013, Rees granted title to the property to Global Discoveries. After that, Byerly contacted Ezer and confronted him with the apparently fraudulent application for service by publication on Harold and Catherine Rees. Ezer later substituted out of the quiet title action, and Carr substituted in. Byerly then contacted Carr and told him that he intended to inform the San Bernardino County court about Carr's, Ezer's and Sloan's attempt to probate the Rees estate in Los Angeles County while at the same time attempting to obtain a default quiet title judgment by serving the deceased defendants by publication. Carr filed his dismissal of the quiet title action three days later.

Carr did not expressly deny knowing that the Reeses were deceased before Byerly informed him of that fact. He stated that he had intended to dismiss the action without prejudice because of "service complexities" and to refile it later after he had obtained further information on how to proceed properly or had sought new counsel.

After a hearing, the trial court denied Carr's motion to withdraw the dismissal with prejudice. The court held that Carr unreasonably delayed bringing the motion and offered no justification for the delay. The court also found that the dismissal with prejudice was not the result of mistake, inadvertence or excusable neglect, but was rather "the calculated choice of Carr to avoid disclosure of his fraud upon the court, i.e., seeking to default defendants known to be deceased." The court also found that the motion was untimely and jurisdictionally defective for lack of service upon all defendants.

Carr filed a timely notice of appeal.

LEGAL ANALYSIS

THE TRIAL COURT DID NOT ABUSE ITS DISCRETION

IN DENYING THE MOTION

Code of Civil Procedure, section 473, provides in pertinent part: "The court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect. Application for this relief . . . shall be made within a reasonable time, in no case exceeding six months, after the judgment, dismissal, order, or proceeding was taken." (Code Civ. Proc., § 473, subd. (b).) Relief under this portion of section 473, subdivision (b), is discretionary.

7

Accordingly, a ruling on such a motion will not be disturbed on appeal absent a clear showing of abuse. (*State Farm Fire & Casualty Co. v. Pietak* (2001) 90 Cal.App.4th 600, 610.) In reviewing an order denying relief under section 473, subdivision (b), we defer to the trial court's factual findings if they are supported by substantial evidence. (*Falahati v. Kondo* (2005) 127 Cal.App.4th 823, 828.) The burden is on the complaining party to establish abuse of discretion, and the showing on appeal is insufficient if it presents a state of facts which simply affords an opportunity for a difference of opinion. (*In re Marriage of Eben-King & King* (2000) 80 Cal.App.4th 92, 118.)

Carr's initial argument is based on the premise that he mistakenly checked the "with prejudice" box on the request for dismissal. He contends that because his action was a mistake, the trial court abused its discretion by failing to grant his motion. We may ignore this argument because the trial court found that Carr did not inadvertently check the wrong box but instead purposefully dismissed the action with prejudice.

Carr's next arguments are based on the implicit premise that the evidence did not support the court's ruling, or that his evidence compels the conclusion that he did not intentionally dismiss the case with prejudice. He argues that the evidence supports the conclusion that he would not have dismissed the action with prejudice. He argues, in effect, that his declaration establishes that he intended to check the "without prejudice" box. He also argues that there is no evidence that the actions of Ezer and Sloan should be attributed to him.

8

Respondents contend that we should review the record to determine whether substantial evidence supports the trial court's finding that Carr did not act inadvertently but purposefully in dismissing the suit with prejudice. However, "[W]here the trier of fact has expressly or implicitly concluded that the party with the burden of proof did not carry the burden and that party appeals, it is misleading to characterize the failure-of-proof issue as whether substantial evidence supports the judgment. This follows because such a characterization is conceptually one that allows an attack on (1) the evidence supporting the party who had no burden of proof, and (2) the trier of fact's unassailable conclusion that the party with the burden did not prove one or more elements of the case (*Oldenburg v. Sears*, *Roebuck & Co.* (1957) 152 Cal.App.2d 733, 742 . . . [trier of fact is the exclusive judge of the credibility of the evidence and can reject evidence as unworthy of credence]; *Hicks v. Reis* (1943) 21 Cal.2d 654, 659-660 . . . [trial court is entitled to reject in toto the testimony of a witness, even if that testimony is uncontradicted]). [¶] Thus, where the issue on appeal turns on a failure of proof at trial, the question for a reviewing court becomes whether the evidence compels a finding in favor of the appellant as a matter of law. [Citations.] Specifically, the question becomes whether the appellant's evidence was (1) 'uncontradicted and unimpeached' and (2) 'of such a character and weight as to leave no room for a judicial determination that it was insufficient to support a finding.' [Citation.]" (*In re I.W.* (2009) 180 Cal.App.4th 1517, 1528.)

Carr's evidence did not compel a finding in his favor as a matter of law. The declarations of Byerly and his attorney and the documents they attached to their declarations show that Ezer, who filed an application for letters of administration of Catherine Rees's estate on July 3, 2012 (and stated that her husband predeceased her), unquestionably knew that both Catherine and Harold Rees were deceased on September 6, 2012, when he filed Carr's application for service on the Reeses by publication in the quiet title case. This does not establish that Carr also knew that the Reeses were deceased before he was informed of that fact by Byerly. However, the fact that he dismissed the case with prejudice following that conversation, rather than informing the court that he had learned that the service by publication was not valid because the defendants were deceased and dismissing the complaint as to Harold and Catherine Rees, supports the inference drawn by the court, i.e., that Carr did know that the Reeses were deceased when he applied for service by publication and that he purposefully dismissed the quiet title action with prejudice in order to avoid having his deception come to the attention of the court. Byerly's declaration that Sloan told him that he was working with Carr and Ezer to attempt to collect excess tax proceeds and that Sloan refused to withdraw the claim for excess tax proceeds until Thomas Rees paid Carr also supports the trial court's inference as to Carr's knowledge. Carr's subsequent motion to rescind the dismissal with prejudice is inconsistent with that inference; nevertheless, under the rule of conflicting inferences, where the evidence supports a reasonable inference drawn by the trier of fact, an appellate court cannot say that the evidence compelled a different result as a matter of law: "'Where there are two permissible views of the evidence, the

10

factfinder's choice between them cannot be clearly erroneous.' [Citation.]" (*Escobar v. Flores* (2010) 183 Cal.App.4th 737, 752.) Accordingly, we reject Carr's contention that the evidence required the trial court to grant his motion and that the denial of the motion was therefore an abuse of discretion.

Because we have concluded that the trial court did not abuse its discretion based on its factual finding that Carr did not dismiss the action with prejudice through mistake or inadvertence, we need not address his remaining contentions, i.e., that the court abused its discretion by finding that the motion was not timely and that the court erroneously held that the motion was jurisdictionally defective for lack of service on all parties.

<u>DISPOSITION</u>

The judgment is affirmed. Defendants and respondents are awarded costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

<u>McKINSTER</u>
Acting P. J.

We concur:

<u>KING</u>
J.

<u>CODRINGTON</u>
J.

11