Filed 7/18/23  Brains Work Group v. OME Ventures CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| BRAINS WORK GROUP, INC., <br><br> Plaintiff and Respondent, <br><br> v. <br><br> OME VENTURES INC., <br><br> Defendant and Appellant. | D080947 <br><br><br> (Super. Ct. No. 37-2021-00004971-CU-CL-CTL) |

APPEAL from an order of the Superior Court of San Diego County, Ronald F. Frazier, Judge.  Affirmed.

Armstrong Teasdale, Alexandra D. Thaler and Alina M. Shell (*pro hac vice*) for Defendant and Appellant.

Greenbaum Law Group and Stephen J. Shumlas for Plaintiff and Respondent.

OME Ventures Inc. (OME) appeals the order denying its motion to set aside the default judgment obtained by Brains Work Group, Inc. (BWG). OME argues the superior court should have granted the motion because the judgment resulted from surprise and inadvertence due to lack of proper

service, the judgment is void on its face, and extrinsic mistake justified equitable relief from the judgment. We affirm.

## I.

## BACKGROUND

BWG is a New Jersey corporation that provides staffing, recruiting, and consulting services. On July 25, 2019, BWG entered into a written agreement with "**OME Ventures (Client)** located at 111 Town Square Pl., Suite 1507, Jersey City, NJ 07310," by which OME agreed to pay BWG a specified fee for each person referred by BWG and hired by OME or an affiliate. The agreement states: "OME Ventures acquired business from Pathway Genomics and will honor previously signed agreement with Pathway Genomics and [BWG], which was fully executed on June 1, 2018." The agreement between Pathway Genomics Corporation (PGC) and BWG lists a San Diego address for PGC. BWG placed 11 individuals with PGC or OME between September 2018 and March 2019, but was not paid for those placements.

BWG filed a complaint against PGC and OME in the superior court on February 2, 2021. BWG alleged the superior court was the "proper court" because "a defendant is a corporation . . . and its principal place of business is here." BWG attached copies of its agreements with PGC and OME, and alleged they breached the agreements by refusing to pay $156,000 for services BWG had provided under the agreements. BWG also asserted common counts. It prayed for damages, interest, and attorney fees.

On February 5, 2021, BWG served the summons and complaint on OME at the San Diego address on file with the California Secretary of State. On March 9, 2021, OME's counsel sent BWG's counsel an e-mail stating: "We are aware of the matter, but have not seen a summons or service regarding

our client. If there is one, could you please provide it?" BWG's counsel responded by forwarding the complaint and proof of service on OME's designated agent. OME's counsel wrote back that the process server had not served the designated agent and had left the papers with someone who was not an officer or agent of OME. OME's counsel also stated he believed BWG had served the wrong corporation, because OME was a Delaware corporation and the complaint indicated the dispute involved a New Jersey corporation by the same name. BWG's counsel replied that he would "do some investigation," and eight days later sent another e-mail to OME's counsel stating that BWG would amend the complaint to add the New Jersey corporation and an individual as defendants. The superior court's register of actions contains no entries for any such amendments.

Upon the written request of BWG, the superior court clerk entered the default of both PGC and OME on March 29, 2021. Based on BWG's written declaration, the court on July 13, 2021, entered a judgment against PGC and OME for $156,000 in damages, $32,439.66 in prejudgment interest, and $641.84 in costs. About six weeks later, the court issued a writ of execution.

On January 12, 2022, OME filed a motion to set aside the default judgment, to quash the writ of execution, and to direct the levying officer to return all monies taken from OME. It moved "pursuant to California Code of Civil Procedure section 473(b), because the judgment is void on its face and is the product of excusable surprise and inadvertence." OME argued the judgment against it was void on its face because OME was a Delaware corporation, and the party of the same name that contracted with BWG was a New Jersey corporation. OME argued the judgment resulted from surprise and/or inadvertence, because although its counsel had informed BWG's counsel that BWG had served the wrong entity and service was not made on

3

an officer or registered agent for service of process, and although BWG's counsel agreed to amend the complaint to add and to serve the New Jersey corporation, BWG instead moved for entry of default judgment without first notifying OME it was going to do so. OME further argued setting aside the default judgment would not prejudice BWG, and it had sought relief within a reasonable time after it "first learned of the wrongfully entered judgment . . . upon service of the improperly issued execution in October [2021]." OME argued that as a consequence of setting aside the judgment, the superior court also should quash the writ of execution and order the levying officer to return all monies collected to satisfy the judgment. The motion referenced two declarations and attached exhibits, but those documents are not included in the record on appeal.

BWG filed opposition to the motion. It argued OME had not shown mistake, inadvertence, surprise, or excusable neglect that would justify setting aside the default judgment under Code of Civil Procedure section 473, subdivision (b), and the motion was untimely under the statute. BWG further argued that because the default judgment was valid, the writ of execution was properly issued, and monies were properly seized from OME's bank account. As part of the opposition, BWG's counsel submitted a declaration that attached, among other exhibits, e-mails with OME's counsel about service of process and the New Jersey corporation named "OME Ventures Inc."; a certificate showing the New Jersey corporation dissolved on January 17, 2020, before it commenced business; and a filing showing the Delaware corporation by the same name had a business address in San Diego.

The superior court held a hearing and denied OME's motion. The court ruled the default judgment was not void on its face; BWG had "provided

sufficient evidence to conclude substitute service was properly effectuated on [OME]"; and relief was not available under Code of Civil Procedure section 473, subdivision (b), because the motion was filed more than six months after the entry of default.

## II.

## DISCUSSION

### A.    *OME's Contentions*

OME asks us to reverse the order denying its motion to set aside the default judgment and to direct the superior court to grant the motion, to vacate the writ of execution, and to order BWG to return any monies it obtained pursuant to the writ.  OME contends the court should have granted relief under Code of Civil Procedure section 473, subdivision (b), because its "surprise" at learning of the default was "at least partially attributable to the fact that [BWG] never properly served [OME]" and "also never bothered to tell [OME] that it was going to request a default prior to its March 29, 2021 request."  OME also contends the judgment against it is "void on its face," because it is a Delaware corporation and an inspection of the complaint shows the party by the same name that contracted with BWG was a corporation located in New Jersey.  OME next contends the superior court should have used its equitable powers to set aside the default judgment on the ground of extrinsic mistake, because:  (1) OME is not a proper party to the action; (2) OME did not respond to the complaint based on its belief BWG was going to amend the complaint to add the proper party after OME's counsel told BWG's counsel that OME was not the proper party; (3) OME diligently sought relief from the judgment and writ of execution upon learning of them; and (4) BWG would suffer no prejudice from setting aside the default judgment.  OME lastly contends the public policy in favor of

5

deciding cases on the merits supports reversal of the superior court's order and vacatur of the default judgment.

B. *Appealability and Standard of Review*

The order denying OME's motion to set aside the default judgment is appealable. (Code Civ. Proc., § 904.1, subd. (a)(2) [postjudgment order]; *Shapell Socal Rental Properties, LLC v. Chico's FAS, Inc.* (2022) 85 Cal.App.5th 198, 207, fn. 2 (*Shapell*) [order denying Code Civ. Proc., § 473, subd. (b) motion]; *Cope v. Cope* (1964) 230 Cal.App.2d 218, 228-229 [order denying motion based on extrinsic mistake].) We review the denial for abuse of discretion. (*County of San Bernardino v. Mancini* (2022) 83 Cal.App.5th 1095, 1103 (*Mancini*) [Code Civ. Proc., § 473, subd. (b) motion]; *Sakaguchi v. Sakaguchi* (2009) 173 Cal.App.4th 852, 862 [motion based on equitable grounds].) "The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason." (*Shamblin v. Brattain* (1988) 44 Cal.3d 474, 478.)

C. *Code of Civil Procedure Section 473, Subdivision (b)*

The superior court did not abuse its discretion in denying relief under Code of Civil Procedure section 473, subdivision (b). As relevant to this appeal, the statute provides: "The court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment . . . taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect. Application for this relief shall be accompanied by a copy of the answer or other pleading proposed to be filed therein, otherwise the application shall not be granted, and shall be made within a reasonable time, in no case exceeding six months, after the judgment, dismissal, order, or proceeding was taken." (*Ibid.*) As we shall explain, OME did not satisfy the procedural requirements for relief under the statute.

6

OME's request for relief under Code of Civil Procedure section 473, subdivision (b) was untimely, as the superior court ruled. "The six-month time limit for granting statutory relief is jurisdictional and the court may not consider a motion for relief made after that period has elapsed." (*Manson, Iver & York v. Black* (2009) 176 Cal.App.4th 36, 42.) "The six-month period runs from entry of default, not entry of judgment." (*Ibid.*; accord, *Kramer v. Traditional Escrow, Inc.* (2020) 56 Cal.App.5th 13, 39 (*Kramer*); *Weiss v. Blumencranc* (1976) 61 Cal.App.3d 536, 541.) The clerk entered OME's default on March 29, 2021, and OME sought relief under the statute on January 12, 2022. "[B]ecause more than six months had elapsed from the entry of default, . . . relief under section 473 was unavailable." (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 980 (*Rappleyea*).)

OME also failed to submit the statutorily required pleading with its motion to set aside the default judgment. A motion for such relief "shall be accompanied by a copy of the answer or other pleading proposed to be filed therein, otherwise the application shall not be granted." (Code Civ. Proc., § 473, subd. (b).) "This requirement is mandatory." (*Mancini*, *supra*, 83 Cal.App.5th at p. 1103.) OME did not submit a proposed answer or other pleading with the motion. "For that reason alone, the trial court did not abuse its discretion by denying the motion . . . ." (*Ibid.*)

OME's failure to satisfy the procedural conditions for relief under Code of Civil Procedure section 473, subdivision (b) makes it unnecessary for us to consider its attack on the superior court's finding that OME was properly served, a finding that defeats the claim that lack of proper service caused "surprise" or "inadvertence" justifying relief under the statute. Nevertheless, we note that OME has not included in the record on appeal the summons or proofs of service that BWG filed, even though the trial court's register of

7

actions contains entries for them. That is the evidence on which the court apparently relied in making its finding that "substitute service was properly effectuated on [OME]." Filing a proof of service of summons that complies with statutory requirements creates a rebuttable presumption that service was proper. (Evid. Code, §§ 604, 647; *Hearn v. Howard* (2009) 177 Cal.App.4th 1193, 1205; *Floveyor Internat., Ltd. v. Superior Court* (1997) 59 Cal.App.4th 789, 795.) By failing to include the summons and proofs of service in the record, OME has not met its burden affirmatively to show error, and we must presume the documents satisfy the statutory requirements and support the superior court's finding. (See, e.g., *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 (*Denham*) [order presumed correct; appellant must affirmatively show error by adequate record]; *Rubio v. CIA Wheel Group* (2021) 63 Cal.App.5th 82, 103 (*Rubio*) [incomplete record construed against appellant]; *Osgood v. Landon* (2005) 127 Cal.App.4th 425, 435 [appellant defaults if it " 'does not present to the appellate court portions of the proceedings below which may provide grounds upon which the decision of the trial court could be affirmed' "].)

D.    *Judgment Void on Its Face*

OME argues that even if the superior court correctly found service of process was effective, we should still reverse the challenged order because the default judgment is void on its face. OME says "inspection of the judgment roll here shows the judgment against [OME] is invalid," because it is a Delaware corporation and the "agreement appended to the complaint indicates that it was a contract entered into by two corporations located in New Jersey." We disagree.

A court may at any time set aside a judgment that is void on its face. (Code Civ. Proc., § 473, subd. (d); *Pittman v. Beck Park Apartments Ltd.*

8

(2018) 20 Cal.App.5th 1009, 1021; *National Diversified Services, Inc. v. Bernstein* (1985) 168 Cal.App.3d 410, 414.) "A default judgment is void if the trial court lacked jurisdiction over the parties or the subject matter of the complaint or if the complaint failed to 'apprise[ ] the defendant of the nature of the plaintiff's demand,' or if the court granted relief which it had no power to grant including a default judgment which exceeds the amount demanded in the complaint." (*Falahati v. Kondo* (2005) 127 Cal.App.4th 823, 830 (*Falahati*), fns. omitted.) To be void on its face, the invalidity of the judgment must be apparent on inspection of the judgment roll without consideration of extrinsic evidence. (*Morgan v. Clapp* (1929) 207 Cal. 221, 224; *Kremerman v. White* (2021) 71 Cal.App.5th 358, 370 (*Kremerman*).) When a default judgment has been entered, the judgment roll consists of the summons, proof of service, complaint, request for entry of default, and judgment. (Code Civ. Proc., § 670, subd. (a); *Kremerman*, at p. 370.) Whether a judgment is void on its face is a legal question we review de novo. (*Kremerman*, at p. 369; *Calvert v. Al Binali* (2018) 29 Cal.App.5th 954, 961.)

OME has not shown the default judgment is void on its face. As a threshold matter, the sole ground on which OME asserts the judgment is void—entry against the wrong party—is not a recognized ground for voidness (see *Falahati*, *supra*, 127 Cal.App.4th at p. 830), and OME cites no authority that it constitutes such a ground. Even if we assume a judgment entered against the wrong party is for that reason void on its face, OME has not shown the judgment at issue was in fact entered against the wrong party. Since OME has not included the summons or proofs of service in the record on appeal, we presume OME was the party served, as the trial court found. (See *Denham*, *supra*, 2 Cal.3d at p. 564 [order presumed correct; appellant must affirmatively show error by adequate record]; *Rubio*, *supra*,

9

63 Cal.App.5th at p. 103 [incomplete record construed against appellant].) The complaint names "OME Ventures Inc." as a defendant and describes it as "a corporation" without reference to the state of incorporation. Although a written agreement attached to the complaint identifies "**OME Ventures**" as a party to the agreement and states it is "located" at an address in New Jersey, the agreement states nothing about its state of incorporation.[1] The request for entry of default and the judgment identify the party against which default was requested and judgment entered simply as "OME Ventures Inc." Thus, even if OME is a Delaware corporation, as it claims, an inspection of the judgment roll does not show OME is not the party that BWG contracted with, sued, served, and obtained a default judgment against.

To argue the correct party is a New Jersey corporation by the same name, OME relies on documents BWG submitted as part of its opposition to OME's motion to set aside the default judgment, namely, a certificate of dissolution for the New Jersey corporation and a document OME filed with the California Secretary of State stating it is a Delaware corporation. But "[t]he validity of the judgment on its face may be determined only by a consideration of the matters constituting part of the judgment roll" (*Johnson v. Hayes Cal Builders, Inc.* (1963) 60 Cal.2d 572, 576); "no extrinsic evidence is allowed" (*OC Interior Services, LLC v. Nationstar Mortgage, LLC* (2017) 7 Cal.App.5th 1318, 1327). "If the invalidity can be shown only through consideration of extrinsic evidence, such as declarations or testimony, the

---

[1]    A corporation's location in New Jersey is not proof of incorporation there. An out-of-state corporation may transact business in New Jersey upon issuance of a certificate of authority by the Secretary of State. (N.J. Stat. Ann. § 14A:13-5; see *Eastern Seaboard, etc. v. N. J. Prop.-Liab.* (N.J.App.Div. 1980) 421 A.2d 597, 600 [Delaware corporation licensed to do business in New Jersey had executive office and principal place of business there].)

10

order/judgment is not void on its face." (*Kremerman*, *supra*, 71 Cal.App.5th at p. 370.) OME thus has not shown the default judgment is void on its face.

E.    *Equitable Grounds for Relief*

OME next argues the superior court should have exercised its discretion to set aside the default judgment on the equitable ground of extrinsic mistake, especially since BWG would suffer no prejudice from the set-aside. We are not persuaded.

OME forfeited this argument by failing to assert it in the superior court. The notice accompanying the motion to set aside the default judgment stated the motion was made "pursuant to California Code of Civil Procedure section 473(b), because the judgment is void on its face and is the product of excusable surprise and inadvertence." The notice nowhere mentioned either "equitable grounds" or "extrinsic mistake" as a basis for setting aside the judgment. The quoted phrases appear nowhere in the memorandum of points and authorities supporting the motion. In the memorandum OME asserted a court may "exercise its equitable powers to provide justice to the parties," but it made that assertion in a sentence stating the purpose of section 473. (Citing *Aldrich v. San Fernando Valley Lumber Co.* (1985) 170 Cal.App.3d 725, 736 (*Aldrich*).) OME also cited the dissenting opinion in a case concerning equitable relief from a default judgment on the ground of extrinsic mistake, but only in support of its claim that it had moved to set aside the judgment under section 473 "within a reasonable time" after learning of its entry. (Citing *Rappleyea*, *supra*, 8 Cal.4th at p. 988 (dis. opn. of Baxter, J.).) Except for the citations to *Aldrich* and *Rappleyea* just mentioned, OME did not cite the cases on which it now relies for equitable relief. Having chosen to file its motion on the statutory grounds that the default judgment resulted from surprise or inadvertence and on the ground it was void on its face, OME

11

may not for the first time on appeal attack the judgment on the equitable ground of extrinsic mistake.  (See, e.g., *P & D Consultants, Inc. v. City of Carlsbad* (2010) 190 Cal.App.4th 1332, 1344 [party generally may not raise new theory on appeal]; *In re Marriage of Eben-King & King* (2000) 80 Cal.App.4th 92, 110-111 [party who attacked judgment under Code Civ. Proc., § 473 could not rely on different statute as basis for attack on appeal].)

Even if OME could now assert extrinsic mistake as a ground for equitable relief from the default judgment, that ground would not justify reversal of the order denying its motion to set aside the judgment.  To set aside the default judgment for extrinsic mistake would require OME to prove three elements:  (1) a meritorious defense; (2) a satisfactory excuse for failing timely to present the defense; and (3) diligence in seeking to set aside the default once discovered.  (*Rappleyea, supra*, 8 Cal.4th at p. 982; *Mechling v. Asbestos Defendants* (2018) 29 Cal.App.5th 1241, 1246 (*Mechling*); *Cruz v. Fagor America, Inc.* (2007) 146 Cal.App.4th 488, 503 (*Cruz*).)  OME has not established at least two of those elements.

First, OME has not shown merit in its defense that the New Jersey corporation by the same name is the proper defendant.  To obtain an order setting aside the default judgment, OME need not show it definitely would have prevailed in the action had it presented the defense; it need only show the defense has merit sufficient to warrant an adversary hearing.  (*Mechling, supra*, 29 Cal.App.5th at p. 1246; *In re Marriage of Grissom* (1994) 30 Cal.App.4th 40, 51-52.)  OME must "prove facts from which it appears, at least prima facie, that if the judgment were set aside and the proceedings were reopened, a different result would probably follow."  (*Bennett v. Hibernia Bank* (1956) 47 Cal.2d 540, 554; accord, *Marriage of Grissom*, at pp. 51-52; 8 Witkin, Cal. Procedure (6th ed. 2021) Attack on Judgment in

12

Trial Court, § 243, p. 843.) Citing two documents BWG filed in opposition to the motion to set aside the default judgment, OME argues it "presented substantial evidence to the superior court that it is not a proper party to this action—evidence that [it] would have used to seek dismissal of the action against it had it been given its day in court." We disagree.

One document on which OME relies is a certificate of dissolution issued by the New Jersey State Treasurer. The certificate states the New Jersey corporation named "OME Ventures Inc." had a registered office at the same address as the entity that contracted with BWG on July 25, 2019. The certificate also states the New Jersey corporation dissolved on January 17, 2020, and "[s]aid corporation has not commenced business/activity and has issued no shares, and has no debts or other liabilities." OME does not explain how a corporation that dissolved before it commenced business and had no debts or other liabilities could have contracted with and agreed to pay BWG for staffing, recruitment, and consulting services. The other document on which OME relies is a filing with the California Secretary of State that identifies "OME Ventures Inc." as a Delaware corporation with a San Diego business address. The filing does not list a date of incorporation nor indicate one way or the other whether that corporation also had an address in New Jersey or contracted with BWG. There appears to be a connection between the New Jersey and Delaware corporations (perhaps as predecessor and successor), because the same individual signed the New Jersey certificate as "Director/Incorporator" and "Registered Agent" and the California filing as "a corporate officer." The cited documents thus do not support OME's defense

13

that it is not a proper party because it did not contract with BWG, but rather the New Jersey corporation by the same name did.[2]

Second, relief for extrinsic mistake is unavailable to a party that was given notice of an action but failed to appear without having been prevented from doing so. (*Kulchar v. Kulchar* (1969) 1 Cal.3d 467, 472; *Cruz, supra,* 146 Cal.App.4th at p. 503.) OME concedes it received a copy of the summons and complaint on or about February 5, 2021, at its San Diego business address, and its counsel contacted BWG's counsel about a month later to express concerns the service was ineffective and OME was not a proper defendant. OME thus had actual notice of the action and could have appeared to contest service of process or to defend on the ground it was not a proper defendant. It did neither.

OME cannot shift the blame for its default to BWG by claiming that after OME's counsel told BWG's counsel that OME was not the right defendant and that the New Jersey corporation by the same name was, BWG's counsel agreed to amend the complaint to add the New Jersey corporation as a defendant. BWG's counsel did not agree to substitute that corporation for OME or to dismiss OME from the action. The summons warned OME that a judgment could be entered against it if it did not respond to the complaint within 30 days of service. (Code Civ. Proc., § 412.20, subd. (a)(3), (4), (6).) OME thus proceeded at its own peril by not responding to the complaint. It has not "demonstrate[d] a satisfactory excuse for not

---

[2]     Another document in the record, not mentioned by OME, further undermines its assertion it is not a proper defendant. A check drawn on the same bank account of OME on which BWG had levied to satisfy the default judgment identifies the payor as "**OME VENTURES INC**" at the same New Jersey address as that for "**OME Ventures**" in the July 25, 2019 agreement with BWG. The payee is an individual BWG had referred to OME and for whom it had not received the referral fee due under the agreement.

14

responding to the original action in a timely manner." (*Stiles v. Wallis* (1983) 147 Cal.App.3d 1143, 1148 (*Stiles*); accord, *Kramer, supra*, 56 Cal.App.5th at p. 29; *Cruz, supra*, 146 Cal.App.4th at p. 504.)[3]

Our conclusions that OME has no meritorious defense to the action and no satisfactory excuse for failing timely to respond to the complaint suffice for us to reject its contention that it is entitled to relief from the default judgment on the equitable ground of extrinsic mistake. (See *Moghaddam v. Bone* (2006) 142 Cal.App.4th 283, 290-291 [party moving to set aside judgment must prove all three elements of extrinsic mistake]; cf. *Kramer, supra*, 56 Cal.App.5th at pp. 38, 39 [declining to address meritorious defense element and reversing order setting aside judgment after concluding party moving to set aside judgment had not proved satisfactory excuse and diligence elements].) We thus need not, and do not, consider whether OME proceeded with the diligence required to obtain equitable relief or its related contention that [" 'w]hen evaluating a motion to set aside a default judgment

---

[3]  As part of its argument it had a satisfactory excuse for not timely responding, OME faults the superior court for failing to consider as "[a]nother equitable factor" justifying relief from the default judgment BWG's counsel's violation of the ethical and legal duty to notify OME that BWG was going to move for default judgment before it did so. (See *Shapell, supra*, 85 Cal.App.5th at p. 203; *Lasalle v. Vogel* (2019) 36 Cal.App.5th 127, 135, 137.) OME has only itself to blame for that failure, because it did not raise this factor in its motion to set aside the default judgment. It may not do so for the first time on appeal. (*Truck Ins. Exchange v. AMCO Ins. Co.* (2020) 56 Cal.App.5th 619, 635; *Nellie Gail Ranch Owners Assn. v. McMullin* (2016) 4 Cal.App.5th 982, 997.) In any event, an e-mail exchange included in the record on appeal shows that 33 days before BWG applied for entry of default judgment, its counsel advised OME's counsel that BWG would do so, and OME's counsel responded on the same day that OME was "retaining a California attorney to enter an appearance and remove the default." OME did not actually appear until six months after the default judgment had been entered.

15

on equitable grounds, the ["]court ***must*** weigh the reasonableness of the conduct of the moving party in light of the extent of the prejudice to the responding party."[ ' "]  (Citing *Mechling, supra*, 29 Cal.App.5th at pp. 1248-1249, bolding and italics added; see *Aldrich, supra,* 170 Cal.App.3d at p. 740 ["Prejudice is one of the factors the trial court may properly consider in determining whether the moving party acted diligently."].)

F.     *Public Policy*

OME finally contends the public policy in favor of deciding cases on the merits rather than by forfeiture "strongly favor[s] reversing the superior court's order and vacating the default judgment."  That policy, of course, is not a stand-alone ground for setting aside a default judgment.  It is but one of many considerations for a court when relief from default is sought on some other ground.  (See, e.g., *Maynard v. Brandon* (2005) 36 Cal.4th 364, 371-372 [" '[B]ecause the law strongly favors trial and disposition on the merits, any doubts in applying [Code of Civil Procedure] section 473 must be resolved in favor of the party seeking relief from default.' "]; *Corey v. Weerts* (1963) 214 Cal.App.2d 416, 422 ["the remedial power of the lower court to grant relief from default [in case of extrinsic mistake] should be freely exercised to carry out the policy in favor of trial on the merits"].)  As discussed above, the grounds OME has asserted contain many defects, which are not cured by invoking the policy favoring decision of cases on the merits.

Moreover, the policy favoring decisions on the merits is not the only policy to be considered when a court is presented with a motion to set aside a default judgment.  Where, as here, the defendant did not seek relief within the six-month period prescribed by Code of Civil Procedure section 473, subdivision (b), " 'there is a strong public policy in favor of the finality of judgments and only in exceptional circumstances should relief be granted.' "

16

(*Rappleyea*, *supra*, 8 Cal.4th at p. 982.)  OME has identified no such circumstances.  Rather, the record shows OME "knew of this lawsuit yet chose not to participate in it" based on its insistence it was not a proper defendant.  (*Kramer*, *supra*, 56 Cal.App.5th at p. 29.)  "Although the policy of the law is to favor a hearing on the merits of a case, courts are not required to set aside default judgments for defendants who flagrantly ignore the responsibility to present a defense."  (*Stiles*, *supra*, 147 Cal.App.3d at p. 1148.)  The superior court therefore correctly denied OME's motion.

G.      *Other Requested Relief*

OME also asks us to vacate the writ of execution and to order BWG to return any monies it obtained pursuant to the writ.  Apart from its contentions that the superior court should have set aside the default judgment underlying the writ, OME asserts no grounds on which the writ or any action taken pursuant to it is invalid.  The additional relief it has requested therefore would be appropriate only if we were to reverse the order denying the motion to set aside the default judgment and to direct the superior court to grant the motion.  Because we are affirming the challenged order, OME is not entitled to the requested relief.

17

## III.

## DISPOSITION

The order denying the motion to set aside the default judgment is affirmed.

IRION, J.

WE CONCUR:

McCONNELL, P. J.

CASTILLO, J.